## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20056-08-KHV |
| DEMARCUS HOUSTON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Modification Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #649) filed April 13, 2009. Defendant asks the Court to reduce his sentence under recent retroactive amendments to the base offense levels for crack cocaine offenses. See U.S.S.G. §§ 2D1.1, 1B1.10.

### Factual Background

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on drug quantity, defendant's base offense level was 32. See United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(4). Defendant received a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 29. See U.S.S.G. § 3E1.1. Defendant's total offense level of 29, with a criminal history category III, resulted in a sentencing range of 108 to 135 months. Under Section 5G1.1 of the Sentencing Guidelines, however, the minimum of the sentencing range was adjusted to 120 months because he was subject to a statutory minimum. On February 11, 2009, the Court sentenced defendant to 120 months in prison.

**Analysis**

In seeking relief under 18 U.S.C. § 3582(c)(2), defendant relies on the amendments to the sentencing guidelines on offenses involving crack cocaine. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendments 706, 711 and 715. Section 3582(c)(2) authorizes the district court to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10, one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range. Because the Court sentenced defendant based on a statutory minimum, 21 U.S.C. § 841(b)(1)(A), and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief.[1] See, e.g., U.S.S.G. § 1B1.10, cmt .1(A) (statutory mandatory minimum sentence may prevent relief under Section 3582(c)); United States v. Lloyd, No. 08-1234, 2009 WL 427228, at *2 (10th Cir. Feb. 23, 2009) (district court without jurisdiction to consider Section 3582(c)(2) motion where sentence based on statutory minimum); United States v. Lagunas, No. 08-1228, 2009 WL 213159, at *2 (10th Cir. Jan. 30, 2009) (same); United States v. Gonzales, 297 Fed. Appx. 810, 812 (10th Cir. Oct. 29, 2008) (retroactive downward modification of offense level irrelevant where defendant sentenced based on statutory minimum).

**IT IS THEREFORE ORDERED** that defendant's Motion For Modification Of Sentence

---

[1] Because the statutory minimum would be greater than the maximum of the reduced range calculated under Section 2D1.1 (87 to 108 months), the statutorily required minimum sentence of 120 months would become the guideline sentence. See U.S.S.G. § 5G1.1(b).

Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #649) filed April 13, 2009 be and hereby is **OVERRULED**.

Dated this 21st day of April, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge